IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRY GLEN WILLIAMS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3616 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent*. | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging the forfeiture of his accrued street-time credit following his parole revocation. Respondent filed a motion for summary judgment (Docket Entry No. 12), to which petitioner filed a response (Docket Entry No. 19).

Having reviewed the motion, the response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

### *Background and Claims*

Petitioner was convicted of burglary of a building in 1989 and sentenced to 30 years' incarceration. Prior to that offense, he was convicted of robbery in 1985. Petitioner complains here that his 1985 conviction was unlawfully used to forfeit his street-time credit following the revocation of his parole in the 1989 conviction.

The state court records show that petitioner was released to parole on September 7, 2006, and that the parole was revoked on April 22, 2015. Petitioner's administrative time

dispute resolution form and time-calculation state habeas proceedings were timely filed and ultimately denied. He complains in the instant federal habeas proceeding that:

1. Prison officials denied him due process by improperly denying him street-time credits when his parole was revoked, ultimately modifying his discharge date; and

2. Prison officials denied him due process by not giving him notice of his forfeiture penalty or allowing him to appear at a re-sentencing hearing before imposition of the penalty.

Respondent contends that petitioner's first claim should be dismissed for lack of merit, and that the second claim should be dismissed as unexhausted, procedurally defaulted, and barred from consideration.

## *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set

2

of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id*., at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El*

3

*v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

  *Summary Judgment*

  In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

  While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

*Analysis*

*Forfeiture of Street Time Credits*

Petitioner claims that prison officials denied him due process by unlawfully forfeiting his street-time credits following revocation of his parole in 2015, and that the forfeiture extended his discharge date by several years.

In response to the state trial court's order on collateral review, Charley Valdez, Program Supervisor Ill for the Classification and Records Department of the Texas Department of Criminal Justice–Correctional Institutions Division, submitted an affidavit in which he testified as follows:

> Pursuant to Texas Government Code § 501.0081, this office received a Time Dispute Resolution Form from Applicant on 12-18-2015, and responded to Applicant on 1-6-2016. Applicant was advised that he was not eligible to receive credit for "street-time," pursuant to [Texas Government] Code § 508.283(b), due to [a] prior conviction for an offense listed under [Texas Government] Code § 508.149(a); Robbery, under cause number 13,371-C, served under prior TDCJ# 390254.

*Ex parte Williams*, p. 40. Valdez continued:

> Applicant was released from TDCJ custody to parole on 9-7-2006[.]
>
> \* \* \* \*
>
> Applicant's parole was revoked on 4-22-2015, and Applicant was transferred to TDCJ custody on 4-29-2015. Because Applicant has a prior conviction for an offense listed under Section 508.149(a), Texas Government Code, (robbery, cause number 13,371-C, served under prior TDCJ# 390254), he is not eligible for "street-time" credit and was charged with out of custody for the time spent on supervision, 7-years, 5-months, and 17-days. TEX. GOVT. CODE § 508.283(b). Applicant received jail credit from 4-22-2015 to the present.

*Id.*, p. 41.

In rejecting petitioner's habeas claim, the state trial court on collateral review made the following relevant findings of fact:

> 7. Mr. Valdez [] explains in his affidavit that the applicant is not eligible for credit for his "street time" spent under parole supervision pursuant to section 508.283 of the Government Code, on account of his prior Walker County conviction for the offense of robbery.
>
> 8. The applicant does not dispute the existence of his prior conviction for the offense of robbery, and concedes in his writ application that he was convicted of robbery in January of 1985 in Walker County cause number 13,371-C.

*Id.*, p. 53. The state trial court also made the following relevant conclusions of law:

> 2. The applicant is not entitled to credit for time spent under parole supervision because he has previously been convicted of the offense of robbery. *See* TEX. GOV'T CODE ANN. §§ 508.149(a)(11) & 508.283(b) (West 2012 & Supp. 2016).
>
> 3. The use of the applicant's prior conviction for robbery to deny him credit for time spent under parole supervision does not violate the double jeopardy provisions of the State and Federal Constitutions.

*Id.*, p. 53–54 (case citation omitted). The Texas Court of Criminal Appeals relied on these findings of fact and conclusions of law in denying habeas relief. *Id.*, at cover.

Thus, due to his 1985 robbery conviction, petitioner was barred under state law from receiving street-time credit following his 2015 parole revocation. Eligibility for street-time credit is determined by the state statutes in effect at the time an inmate's parole is revoked. *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009); *Ex parte Noyola*, 215 S.W.3d 862, 867 (Tex. Crim. App. 2007). At the time of petitioner's 2015

6

parole revocation, the relevant Texas statute addressing street-time credit provided as follows:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

TEX. GOV'T CODE § 508.283(b). By incorporating by reference section 508.149(a), section 508.283(b) invokes the version of section 508.149(a) in effect when the inmate's parole or mandatory supervision is revoked. *Noyola*, 215 S.W.3d at 867. At the time petitioner's parole was revoked in 2015, section 508.149(a) stated as follows:

> An inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . . a second degree felony under Section 29.02, Penal Code[.]

TEX. GOV'T CODE § 508.149(a)(11). Section 29.02 of the Texas Penal Code defines the offense of robbery.

Consequently, section 508.149(a) renders ineligible for street-time credit following parole revocation a person such as petitioner who is serving a sentence or has been previously convicted of an offense of robbery under Section 29.02 of the Texas Penal Code. Petitioner's reliance on *Ex parte Spann*, 132 S.W.3d 390 (Tex. Crim App. 2004), is misplaced, in that the petitioner in that case was not convicted of an offense falling under section 508.149(a). *Id*. at 392 ("[Spann] has no prior or current convictions which would place him under 508.149(a)[.]").

The state court rejected petitioner's claim. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Lack of Notice or Hearing*

Petitioner next claims that prison officials denied him due process by not giving him notice of his forfeiture penalty or allowing him to appear at a re-sentencing hearing prior to imposing the penalty. As correctly noted by respondent in her motion for summary judgment, petitioner did not raise this issue at the state court level. Consequently, the claim is unexhausted, procedurally defaulted, and barred from consideration by this Court. Petitioner neither alleges nor demonstrates good cause and prejudice for the default. To the contrary, petitioner makes no mention of this claim in his response to the motion for summary judgment, and does not deny respondent's entitlement to summary judgment on this issue.

Respondent's motion for summary judgment as to petitioner's second habeas claim is uncontroverted, and respondent is entitled to summary judgment dismissal of the claim.

*Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 12) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on February 15, 2018.

Gray H. Miller
United States District Judge